UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DAVON ROBINS, | **1:20-cv-00883-GSA-PC** |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| vs. | **(ECF No. 1.)** |
| RAMIREZ, | **THIRTY-DAY DEADLINE TO FILE** |
| Defendant. | **AMENDED COMPLAINT** |

## I.      BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 25, 2020.  (ECF No. 1.)

The court shall proceed to screen the Complaint.  28 U.S.C. § 1915.

## II.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

1

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at Kern Valley State Prison (KVSP) in Delano, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR). The events at issue in the Complaint allegedly took place at KVSP. Plaintiff names as sole defendant Correctional Officer (C/O) Raul Ramirez ("Defendant").

Following are Plaintiff's allegations:

On August 22, 2018, Plaintiff was in a fight with another inmate in the B Facility vocational electronics classroom. After the alarm was activated by the VOC instructor defendant Rodriguez, C/O Miller arrived and right after him, C/O Ramirez. Based on reports, C/O Ramirez was the only officer who saw what took place except for C/O Miller. C/O Miller pepper sprayed Plaintiff in the face after both inmates ignored his orders to "stop, get down." (Complaint, ECF No. 1 at 3 ¶3.) Plaintiff then separated from the other inmate, "proned" out on his stomach, and was unable to see due to the pepper spray in his face.

2

C/O Miller reported, "with responding staff as coverage." (Id.) He then placed handcuffs on Plaintiff and started to perform a clothed body search. Plaintiff felt C/O Miller move away from him and in that instance, Plaintiff was attacked. Eyewitness inmate Silver Mouton's (C-38895) affidavit states that "other officers on the scene stood around idly, unhelpful and dumbfounded." (Id.) Other than C/O Miller's report, C/O Ramirez's report is the only report by an officer that reports seeing the other inmate get up and attack Plaintiff.

C/O Ramirez failed in his duty to protect Plaintiff when he knew there was a substantial risk that Plaintiff would be seriously harmed. C/O Ramirez did not keep coverage. C/O Ramirez did not follow CDCR procedure when he failed to cover C/O Miller while he placed handcuffs on Plaintiff, who was vulnerable and unable to defend himself. C/O Ramirez saw the fight and knew that CDCR procedure was put in place to prevent what happened, but he still did not cover C/O Miller, and C/O Ramirez did nothing to protect Plaintiff. C/O Ramirez unreasonably disregarded an unreasonable risk to Plaintiff's safety. Based on C/O Miller's report, C/O Ramirez's report, Rodriguez's report, and inmate Silver Mouton's affidavit, C/O Miller had to use physical force to stop the other inmate from the assault on Plaintiff. C/O Ramirez did not help. It was C/O Ramirez's duty to keep coverage and protect Plaintiff. Plaintiff suffered a broken front tooth when he was pushed to the ground, bloody eyes due to gouging, and scratches from clawing at his face.

Plaintiff requests monetary damages as relief.

## IV.   PLAINTIFF'S CLAIMS

### A.   Section 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490

U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see</u> <u>also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

**B.      Failure to Protect – Eighth Amendment Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>id.</u> at 847; <u>Hearns</u>, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." <u>Id.</u> at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. <u>Id.</u> at 843 (citing <u>Helling v. McKinney</u>, 509 U.S. 25, 35 (1993)).  The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." <u>Farmer</u>, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious."  <u>Id.</u> at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate

4

health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Plaintiff alleges that defendant Ramirez failed to protect him from an attack by another inmate because defendant Ramirez did not step in and stop the attack. According to Plaintiff, C/O Ramirez reported seeing the other inmate get up and attack Plaintiff. However, Plaintiff alleges no facts showing that defendant Ramirez knew that Plaintiff was at risk of harm by the attacking inmate before the attack, and there are no facts showing that defendant Ramirez had an opportunity to intervene or was otherwise in a position to stop the attack on Plaintiff. Mouton's affidavit that "other officers on the scene stood around idly, unhelpful and dumbfounded" does not support Plaintiff's allegation that Officer Ramirez knew of the risk or was in a position to intervene in the attack.

To state a claim against defendant Ramirez for failure to protect Plaintiff, Plaintiff must make factual allegations demonstrating that Ramirez knew before or during the attack that Plaintiff was at risk of serious harm and yet ignored the risk and acted unreasonably, causing Plaintiff harm. Plaintiff alleges in the Complaint that defendant Ramirez knew of the risk to Plaintiff, but these allegations are conclusory and unsupported by facts. Plaintiff alleges no facts showing that defendant Ramirez was in a position that allowed him an opportunity to intervene. Conclusory allegations are insufficient to state a claim.

Therefore, Plaintiff fails to state a claim against defendant Ramirez for failing to protect him in violation of the Eighth Amendment. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim.

## C.     State Law Claims

Plaintiff alleges that defendant Rodriguez failed to comply with CDCR's procedure to protect Plaintiff. This is a state law claim. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of

state law.  See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007).  To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002).  Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the Court fails to find any cognizable federal claims in the Complaint.  Therefore, Plaintiff's state claims fail.

Moreover, "California's Government Claims Act requires that a [state law] claim against a [state] public entity or its employees for money or damages be presented to the [Department of General Services] [1]  no more than six months after the cause of action accrues." Lopez v. Cate, No. 1:10-cv-01773-AWI, 2015 WL 1293450, at *13 (E.D. Cal. 2015) (citing Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2).  "Timely claim presentation is not merely a procedural requirement, but is . . . a condition precedent to plaintiff's maintaining an action against defendant and thus an element of the plaintiff's cause of action." Id. (internal quotation marks and citations omitted).  The "obligation to comply with the Government Claims Act" is independent of the obligation to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021) (citing McPherson v. Alamo, No. 3:15-cv-03145-EMC, 2016 WL 7157634, at *6 (N.D. Cal. 2016) (citing Parthemore v. Col, 221 Cal. App. 4th 1372, 1376 (2013)).  To state a state law claim, a public entity or employee, a plaintiff must allege compliance with the Government Claims Act.  State of California v. Superior Court (Bodde), 32 Cal.4th at 1245; Mangold v. California Public Utilities Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi ///

---

[1] The Department of General Services was formerly the Victim Compensation and Government Claims Board. McCoy v. Torres, No. 119CV01023NONEJLTPC, 2020 WL 5257842, at *2 (E.D. Cal. Sept. 3, 2020), report and recommendation adopted, No. 119CV01023NONEJLTPC, 2021 WL 111748 (E.D. Cal. Jan. 12, 2021).

v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).  Plaintiff has not done so and therefore he fails to state any state law claims.

**V.      CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against Defendant Ramirez.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Plaintiff shall be granted leave file a First Amended Complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d. at 934.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.   Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.  Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on June 25, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey, 693 F.3d at 907 n.1), and it must be complete in itself without reference to the prior or superseded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///

///

Accordingly, **IT IS HEREBY ORDERED** that:

1.	Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted under § 1983;

2.	Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend within **thirty (30) days** from the date of service of this order;

3.	The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.	Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00883-GSA-PC; and

5.	Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:	__October 26, 2021__	         _____ **/s/ Gary S. Austin**
	UNITED STATES MAGISTRATE JUDGE