UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DAVON ROBINS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>RAMIREZ,<br><br>　　　　　Defendant. | **1:20-cv-00883-GSA-PC**<br><br>**ORDER FOR CLERK TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY COURT'S ORDER (ECF No. 9.)**<br><br>**FOURTEEN DAY DEADLINE TO FILE OBJECTIONS** |

　　　　Maurice Davon Robins ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on June 25, 2020.  (ECF No. 1.)

　　　　On October 27, 2021, the court issued an order dismissing the Complaint for failure to state a claim with leave to amend within thirty days.  (ECF No. 9.)  The thirty-day time period has now expired and Plaintiff has not filed a First Amended Complaint or otherwise responded to the court's order.  Therefore, it will be recommended that this case be dismissed for Plaintiff's

1

failure to comply with the court's order and failure to state a claim. The Clerk shall be directed to randomly assign a United States District Judge to this action.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since June 25, 2020. Plaintiff's failure to respond to the Court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not comply with the court's orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file an amended complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions in this circumstance are of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall randomly assign a United States District Judge to this action; and

2. The Court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, for Plaintiff's failure to obey the Court's order issued on October 27, 2021, and for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 17, 2021__          __/s/ Gary S. Austin__
                                        UNITED STATES MAGISTRATE JUDGE